UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDRA SHARMA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RICHARDSON C. GRISWOLD,<br><br>　　　　　Defendant. | No. 2:19–cv–1731–MCE–KJN (PS)<br><br>ORDER VACATING HEARING AND SETTING NEW BRIEFING SCHEDULE, AND<br>ORDER FOR PLAINTIFF TO SHOW CAUSE<br><br>(ECF No. 10) |

Plaintiff filed an action against Defendant on September 3, 2019, and filed a first amended complaint on October 17. (ECF Nos. 1, 6.) On November 1, Defendant filed a motion to dismiss, setting the matter for a hearing on December 5. (ECF No. 10.) Under the Court's local rules, Plaintiff was obligated to file his opposition (or statement of non–opposition) by November 22. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.").

The Court's records indicate that Plaintiff failed to file his opposition (or statement of non–opposition) by the required date. Thus, under Rule 230(c), Plaintiff has forfeited his right to be heard in opposition to the motion at oral argument.

1

Local Rule 230(c) also contemplates that "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." However, given Plaintiff's pro se status, the Court will instead order Plaintiff to follow the rules before construing his silence as non–opposition. Therefore, the Court will vacate the December 5th hearing and set a new briefing schedule for the parties. The Court will not reset the oral arguments, at this time. Instead, the matter will be taken under submission once the briefing is submitted.

The Court's extension of time does not end the inquiry. Generally, the Court believes that granting an additional response period is warranted for individuals pursuing relief without the aid of an attorney—given the preference to resolve cases on their merits. However, this is not Plaintiff's first action in federal court, and prior judges in this court have explained to Plaintiff his obligation to follow the rules—including this exact rule. See Case No. 2:19-cv-00601-TLN-DB at ECF No. 17 "Order to Show Cause" (describing the requirements of Local Rule 230(c), noting Plaintiff's failure to submit an opposition to the defendants' motion to dismiss, and warning that his case may be dismissed for failure to prosecute); Case No. 2:17-CV-00487-MCE-AC at ECF No. 44 "Order to File Opposition" (noting that Plaintiff failed to file opposition to the defendants' motion to dismiss and motion to strike, as required by Local Rule 230(c)). Plaintiff's history of casual disregard for the court's rules is troublesome and warrants an additional sanction— especially given his knowledge of this exact issue. Outright dismissal of the action at this point is unwarranted. Thus, the Court imposes a $250 sanction on Plaintiff's repeated failure to follow the Court's rules. Smith v. Frank, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed[.]"); Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir.1989) ("[C]onduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct" is required before monetary sanctions can be imposed under local rules); see also Lodermeier v. Toys "R" Us, Inc., 1994 WL 872957, at *1 (E.D. Cal. June 7, 1994) (issuing a $150 monetary sanction in 1994 for the plaintiff's failure to file an opposition in accordance with Local Rule 230(c)); Korte v. Chico Unified Sch. Dist., 1988 WL 168521, at *2 (E.D. Cal. Oct. 14, 1988), aff'd, 888 F.2d 130 (9th Cir. 1988) (monetary sanctions warranted for failing to follow Local Rule 230(c)).

Accordingly, it is HEREBY ORDERED:

1. The hearing on Defendant's motion to dismiss (ECF No. 10) is VACATED;
2. Plaintiff shall file either an opposition to Defendant's motion or a statement of non-opposition by 4:00 p.m. on December 9, 2019;
3. Defendant's reply, if any, will now be due by December 16;
4. Defendant's motion to dismiss will be taken under submission without oral argument, as per Local Rule 230(g), after the expiration of the briefing period;
5. Based on Plaintiff's repeated failure to comply with the Court's local rules, Plaintiff shall pay the Clerk of the Court $250 in monetary sanctions by 4:00 p.m. December 9, 2019; and
6. Failure to follow the Court's orders, the Federal Rules of Civil Procedure, or the Court's local rules may result in further sanctions, including dismissal of Plaintiff's case with prejudice under Rule 41(b).

IT IS SO ORDERED.

Dated: November 26, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shar.1731