UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDRA SHARMA, | No. 2:19–cv–1731–MCE–KJN (PS) |
| Plaintiff, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| v. | (ECF No. 10) |
| RICHARDSON C. GRISWOLD, | |
| Defendant. | |

Plaintiff Narendra Sharma, proceeding pro se,[1] has brought suit against defendant Richardson Griswold in his capacity as receiver in a related state court action. (ECF No. 6.) Plaintiff, who alleges he is the assignee of a Mr. and Mrs. Thakor, claims defendant failed to pay the Thakor's wages after taking possession of the Thakor's Lodge, all in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, 216, 255 and three related sections of the California Labor Code. (<u>Id.</u>) Defendant now moves to dismiss, contending among other things that plaintiff's "assignee" claims are questionable—as plaintiff is not an attorney and provides no explanation or proof of his authority to bring claims on the Thakor's behalf. (ECF No. 10 at p. 7.)

For the reasons stated below, the Court recommends dismissal of this action for lack of standing.

///

---

[1] These proceedings are referred to the undersigned pursuant to Local Rule 302(c)(21).

1

**Background**

In 2004, the Thakors, as sole members of Shree Shiva, LLC, purchased the "Americana Lodge" located in Redding, California. (ECF No. 6 at ¶ 5.) On May 27, 2015, the City of Redding "conducted a surprise inspection . . . and cited five hundred thirty two Code violations[.]" (Id. at ¶ 7.) After numerous proceedings in California Superior Court, it was ordered that defendant Griswold take possession of the Lodge as receiver and: "(a) pay the operating expenses, including taxes, insurance, utilities, maintenance, and other debts; [and] (b) collect all rents and income . . . and use the funds . . . to pay for the cost of operating, managing, maintaining, and rehabilitating the [Lodge] . . . ." (Id. at ¶ 18.) Plaintiff alleges that, pursuant to the Superior Court's order, defendant should have paid the Thakor's wages as a "required expense." (Id. at ¶ 25.)

On September 3, 2019, plaintiff Sharma filed this lawsuit against the defendant/receiver, and amended the following month. (ECF Nos. 1, 6.) In addition to numerous factual assertions concerning the Thakor's plight, plaintiff alleged he is "an assignee of the Thakors." (ECF No. 6 at p. 1; Id. at ¶ 80.) Plaintiff states "[t]he Thakors are unable to defend themselves since there has been no availability of general liability coverage to protect the Thakors [and] no financial sources to retain an attorney to hire a legal counsel." (Id. at p. 2.) Plaintiff also states that defendants have "continuously slammed plaintiff that his assignment is a [s]ham and unlawful." (Id. at ¶ 39.) Plaintiff lists numerous instances in previous cases where defendants moved to have plaintiff declared a vexatious litigant. (Id. at ¶¶ 46-49; see also Case No. 2:17–cv–487–MCE–AC at ECF No. 62.) In a substantially–similar case, Magistrate Judge Barnes recently recommended dismissal of plaintiff's claims for lack of standing. See Sharma v. City of Redding, Case No. 2:19–cv–601–TLN–DB at ECF No. 24 (E.D. Cal. January 20, 2020) (adopted March 24, 2020).

**Analysis**

**A.      Sharma lacks standing to bring a case on behalf of the Thakors.**

In order to satisfy the "irreducible constitutional minimum" of standing a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v.

Robins, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Here, the 1AC makes it clear that the Lodge was owned by the Thakors, who were the sole members of Shree Shiva, LLC. (ECF No. 6 at ¶¶ 1, 2.) Thus, plaintiff has suffered no injury in fact, and has no standing to pursue this action.

Plaintiff asserts in the 1AC that "[t]he Thakors are unable to defend themselves since there has been no availability of general liability coverage to protect the Thakors, no financial sources to retain an attorney to hire a legal counsel." (Id. at p. 2.) This assertion fails to overcome the Court's finding as to standing for at least two reasons.

First, the right to represent oneself pro se is personal, and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Correspondingly, a non-attorney has no authority to appear pro se as an attorney for others. C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a). Thus, because Plaintiff is not an attorney, he cannot act in a representative fashion—as this is the unauthorized practice of law. And while California law allows for assignment of certain claims (see Cal. Civ. Code § 954), this does not include claims for statutory penalties under the labor code, nor does it apply in this court. See Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993, 1003 (2009) (holding that the labor code "does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies. As we have held in the past, the right to recover a statutory penalty may not be assigned.").

Second, to the extent that plaintiff is attempting to represent Shree Shiva, LLC, the rules are clear that an entity may appear only by an attorney. See Local Rule 183(a). Unlicensed

3

| | |
|---|---|
| 1 | laypersons, including the owners of companies, officers of a corporation, partners of a |
| 2 | partnership, and members of an association may not represent their entities "pro se."  Rowland v. |
| 3 | California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has |
| 4 | been the law for the better part of two centuries . . . that a corporation may appear in the federal |
| 5 | courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); |
| 6 | United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (accord). |
| 7 | In this regard, "the law is clear that a corporation can be represented only by a licensed attorney." |
| 8 | In re Bigelow, 179 F.3d 1164, 1165 (9th Cir. 1999).  Accordingly, plaintiff cannot assert any |
| 9 | claim on behalf of Shree Shiva, LLC. |
| 10 | For these reasons, plaintiff Sharma's complaint should be dismissed with prejudice. |
| 11 | **B.     Sharma is warned about filing new cases on behalf of the Thakors** |
| 12 | Finally, the Court notes plaintiff's assertions as to defendant's "continuously slamm[ing] |
| 13 | plaintiff that his assignment is a Sham and unlawful." (ECF No 6. at ¶ 39.)  The 1AC describes |
| 14 | numerous prior cases where defendants moved to have plaintiff declared a vexatious litigant.  (Id. |
| 15 | at ¶¶ 46-49.)  No court in this district has yet labeled plaintiff a vexatious litigant.  However, the |
| 16 | undersigned notes that plaintiff has filed numerous cases against defendant Griswold (and |
| 17 | multiple related defendants) and then dismissed his suit prior to being sanctioned.  (See Case No. |
| 18 | 2:17–cv–487–MCE–AC at ECF No. 62.)  While plaintiff may have escaped vexatious |
| 19 | proceedings in the past, he now should be very aware of his lack of standing—as both this Court |
| 20 | and Magistrate Judge Barnes (in a substantially–similar action) have informed him as much.  (See |
| 21 | Case No. 2:19–cv–601–TLN–DB at ECF No. 24; see also Id. at ECF No. 27.)  Simply, plaintiff |
| 22 | should tread cautiously if he is considering whether to file additional cases on the Thakors' |
| 23 | behalf.  See Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985–98 (9th Cir. 1997) (a |
| 24 | plaintiff's voluntary dismissal of the action does not necessarily insulate him from Rule 11 |
| 25 | liability or exposure). |
| 26 | //// |
| 27 | //// |
| 28 | //// |

**RECOMMENDATIONS**

It is HEREBY RECOMMENDED:

1. Defendant Griswold's motion to dismiss (ECF No. 10) be GRANTED;
2. The First Amended Complaint be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 27, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shar.1731